## HOLBROOK, CABOT & ROLLINS CORPORATION v. CITY OF NEW YORK.

(District Court, S. D. New York. August 6, 1921.)

Municipal corporations ⬳75—Act applicable to cities, etc., having specified population, not invalid because not submitted to mayor.

> The Lusk Amendment to the Walters Act of the New York Legislature, providing for payment of the increased cost, due to the war, of completing public contracts in reliance on any promise of 'relief by the local authorities of any county, municipality, or political division of the state having a population of more than one million, and by any state, county, or municipal agency, board, or commission charged with making or carrying out such contract though not submitted to the mayor of the city of New York, is not invalid under Const. N. Y. art. 12, § 2, requiring special city laws to be submitted to the mayor and defining special city laws as those relating to a single city or to less than all the cities of a class.

At Law. Action by the Holbrook, Cabot & Rollins Corporation against the City of New York. Additional opinion on demurrer to complaint. Demurrer overruled.

For former opinion, see 277 Fed. 840.

Thomas F. Conway, of New York City (Joseph A. Kellogg and Thomas E. O'Brien, both of New York City, of counsel), for plaintiff.

John P. O'Brien, Corp. Counsel, of New York City (Clarence J. Shearn, of New York City, of counsel), for defendant.

Kellogg & Rose, amici curiæ.

AUGUSTUS N. HAND, District Judge. Counsel for the defendant has asked that I consider the effect of article 12, § 2, of the Constitution of the State of New York upon the Walters Act (Laws 1918, c. 585) after the adoption of the so-called Lusk Amendment (Laws 1921, c. 711). This section classifies cities according to the latest state enumeration, and provides that—

> "Laws relating to the property, affairs or government of cities, and the several departments thereof, are divided into general and special city laws; general city laws are those which relate to all the cities of one or more classes; special city laws are those which relate to a single city, or to less than all the cities of a class. Special city laws shall not be passed except in conformity with the provisions of this section."

The section goes on to provide that after any bill for a special law relating to a city has been passed by both branches of the Legislature, the house in which it originated shall transmit a certified copy to the mayor of such city, and within 15 days thereafter the mayor shall return such bill to the house from which it was sent, or if the session of the Legislature at which such bill was passed has terminated, to the Governor, with the mayor's certificate thereon stating whether the city has or has not accepted the same. Whenever any such bill is returned without the acceptance of the city to which it relates, it may again be passed by both branches of the Legislature, and shall then be subject as are other bills to the action of the Governor.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The bill in question was not submitted to the mayor of the city of New York, and was enacted as general legislation.

The limitation of the New York Constitution is confined to "special city laws," and they are defined as "those which relate to a single city, or to less than all the cities of a class."

The Lusk Amendment covers "any county, municipality or political division of the state having a population of more than one million according to the last preceding federal census or state enumeration," and also covers "any state, county, or municipal agency, or any board or commission charged by law with the duty of making or carrying out" such a contract as is referred to in the act.

In the case of Admiral Realty Co. v. City of New York, 206 N. Y. 110, 99 N. E. 241, Ann. Cas. 1914A, 1054, the Court of Appeals held that the amendment to the Rapid Transit Act (Laws 1891, c. 4, as amended by Laws 1909, c. 498) which authorized the city to contract for the building of the new subways was not a special city law. The recent decision of the Appellate Division in Matter of McAneny, 198 App. Div. 205, 190 N. Y. Supp. 92, relating to the new subway legislation, followed the Admiral Case, and held that the new legislation was not objectionable under section 2 of article 12 of the state Constitution. In the Admiral Case the legislation affected only cities having a population of over one million, and did not include counties and municipal agencies.

The case of Matter of Henneberger, 155 N. Y. 420, 50 N. E. 61, 42 L. R. A. 132, is not in point, because there a constitutional provision prohibited the Legislature from passing a private or local bill for laying out or altering highways. The court held that the act was so drawn as to amount to an arbitrary classification which limited it locally in such a way as to make it a private or local bill. Here the constitutional provision specifically defines what are "special city laws," and the act in question covers not only New York City, but other political subdivisions.

The demurrer to the seventh, eighth, and ninth causes of action is overruled.